## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF THE

## STATE OF VERMONT.

———————

LUTHER MARTIN *vs.* CLEMENT TROBRIDGE and MOSES T. RUNNELLS. <span>FRANKLIN, *January,* 1831.</span>

A rule for taxing costs where declarations on book are filed in offset to actions in the county court, according to the 93d section of the judiciary act.

The facts in this case sufficiently appear from the following opinion of the Court pronounced by

HUTCHINSON, J.—This action was brought upon a note given by the defendants to one *Foster,* and by him assigned to the plaintiff. The defendants, when sued by the plaintiff in the county court, filed their declaration in offset against the plaintiff upon the defendants' book account against *Foster.* The plaintiff gave judgment to account, and auditors were appointed, who reported a balance in favor of the defendants, for which judgment was rendered. The defendants pleaded in bar, to the original action, this judgment, and a tender to the plaintiff, before action brought, of a sum of money large enough to meet the balance of the note. On demurrer to this plea in bar it was adjudged sufficient, and the defendants recovered their cost.—(See the report of said case in 1 *Vermont Rep.* 477.)

The cost of the suit not having been taxed in the county court, as it ought to have been, before the cause passed to the Supreme

B

FRANKLIN,
January,
1831.

Martin
vs.
Trobridge et al.
Court, it seems not to have been taxed in this Court till this term ; when the Court, upon a full hearing, allow the defendants to recover their cost upon the same principle on which it should be taxed had the suit been in favor of *Foster*, the payee ; the statute giving them all the rights in one case secured to them in the other. The statute is express that, upon the filing this declaration on book, the original action shall be continued till judgment is rendered upon the declaration on book.   The defendants, in their plea in bar, had no benefit, and were entitled to none, from any costs recovered upon their declaration in offset.   But as they succeeded wholly in their defence to the original action, they are entitled to their costs ; but not as costs of two actions.   All the costs of auditing the accounts in the declaration in offset must be taxed and allowed ; and the travel and term fees and attorney's fees in court must be taxed as they would have been if one action only had been pending, or the defence had been made by a direct plea in offset of the same account on book.   Such court and clerk fees, as were actually paid by the defendants, must be taxed in their favor.   Had the defendants failed to recover in their declaration on book, and the plaintiff had recovered in the original action, he must have recovered his full cost as of one suit in court, with the addition of his taxable costs before the auditors.   In this action, had the plaintiff recovered a balance on his note, he must have recovered the full cost in his original action, but not his cost in defending before the auditors, because he did not succeed in that defence.   So that, in no case, can either party recover costs in the declaration on book, for expenditures before the auditors, unless he both recovers before the auditors, and recovers in the original suit.   In the taxation of such costs, an attorney fee is to be taxed on the rendering judgement to account, and on the acceptance of the report of auditors, but none upon the hearing before the auditors.

*Hunt*, for defendants.

*Aldis & Davis*, for plaintiff.